UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-cv-81495-MIDDLEBROOKS

IN THE MATTER OF THE COMPLAINT OF
1062938 BC LTD., AS OWNER OF MOTOR
YACHT "SEA ALICE", A 31.48 M 1999
TARRAB, OFFICIAL NUMBER 839567, HER
ENGINES, TACKLE, GEAR, FURNITURE,
APPAREL, EQUIPMENT, AND OTHER
APPURTENANCES, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

    Petitioner,

v.

BRYAN CRABTREE, OWNER OF THE
SAILING VESSEL BRANDISON, *et al.*,

    Claimants
_____/

## ORDER DISMISSING CASE FOR LACK OF ADMIRALTY JURISDICTION

THIS CAUSE is before the Court upon a Motion to Dismiss for Lack of Admiralty Jurisdiction filed by Claimant Bryan Crabtree on March 13, 2020 ("Claimant Crabtree"). (DE 48). Claimant Cracker Boy Boat Works ("Cracker Boy") joined this Motion on March 20, 2020. (DE 50). Petitioner 1062938 BC LTD. ("Petitioner"), as owner of the motor yacht Sea Alice, bearing Official Number 839567, responded on March 27, 2020. (DE 55). Claimant Crabtree replied on April 13, 2020. (DE 70). For the following reasons, Claimant's Motion is granted and this case is dismissed for lack of admiralty jurisdiction.

**I.    BACKGROUND**

Petitioner initiated this action seeking to invoke the protection of the Limitation of Liability Act following a fire onboard the Sea Alice. 46 U.S.C. § 30501. On May 7, 2019, the Sea Alice was undergoing vessel repairs at Cracker Boy in West Palm Beach, Florida. (DE 1 ¶ 5). Cracker

Boy is located on navigable waters, but Petitioner concedes in its response that "the Vessel was on land at the time of the subject fire." (DE 1 ¶ 5; DE 55 at 11). As a result of this fire, several ships, all of which were on land, were allegedly burned.[1] *See e.g.*, DE 15; DE 16. Claimants now argue that as the fire occurred on land, it does not provide a sufficient basis for the exercise of admiralty jurisdiction, and thus this case should be dismissed.

## II.    LEGAL STANDARD

In the case of a motion to dismiss for lack of subject matter jurisdiction, "the burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n. 2 (11th Cir.2005). The Eleventh Circuit has held that a motion to dismiss for lack of subject matter jurisdiction is a facial attack that "requires the court merely . . . look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction." *Stalky v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232–33 (11th Cir.2008).

## III.   DISCUSSION

Federal courts have exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). Admiralty jurisdiction may arise from contract or tort. Petitioner argues that its claim is supported by both contract and tort admiralty jurisdiction. Accordingly, I address these two theories in turn.

### A. Admiralty Contract Jurisdiction

Petitioner contends that this Court has admiralty jurisdiction arising out of Petitioner's "maritime contract" with Cracker Boy. (DE 55 at 3). As an initial matter, there is no reference in Petitioner's Complaint to this contract. Accordingly, I consider whether, based on Petitioner's

---

[1] Claimant Crabtree alleges this (DE 48 ¶ 14) and Petitioner does not dispute it.

2

argument in response to Claimants' Motion to Dismiss, it is appropriate to allow Petitioner leave to amend its Complaint to assert jurisdiction on this basis.

Petitioner and Cracker Boy entered into a contract whereby Petitioner agreed, among other things, to indemnify Cracker Boy for all injuries suffered as a result of claims arising out of Petitioner's use of the boat yard workspace. (DE 17-1). Petitioner alleges that as the instant matter "involves" this contract, Petitioner is entitled to jurisdiction on that basis even though this incident occurred on land, rather than in a navigable waterway.

Petitioner is correct that a maritime contract can provide grounds for the exercise of admiralty jurisdiction, even if the incident giving rise to the action did not occur in a navigable waterway. In *Norfolk Southern Railway Company v. Kirby*, Kirby, a manufacturer, contracted for the delivery of machines from Australia to Alabama. 543 U.S. 14, 19 (2004). The machines were destroyed when, on the final, land-based leg of the trip, Norfolk Railway's train derailed. *Id.* at 21. Kirby sued for breach of contract as Norfolk Railway was an agent of the entity paid to deliver the machines. *Id.* The Supreme Court recognized that "[t]he boundaries of admiralty jurisdiction over contracts—as opposed to torts or crimes—[are] conceptual rather than spatial." *Id.* at 23. Accordingly, the Court considered that the contract to ship goods was primarily a shipping contract, and therefore found that admiralty jurisdiction was appropriate even though the accident had occurred on land. *See id.* at 23-24.

However, the key difference between *Kirby* and the present case is that in *Kirby* the Parties' fundamental legal dispute arose directly out of their obligations to each other under the contract. Kirby contracted for machines to be sent, unharmed, to Alabama, and that contract was breached when the machines were destroyed. The contract was not incidental or tangential to the harm; it was the entire basis for the lawsuit. Here, Petitioner initiated this action seeking to limit its liability

3

under the Limitation of Liability Act. (DE 1 ¶ 2). Petitioner does not allege that Cracker Boy has, in any way, breached its contract. I decline to hold that admiralty jurisdiction may be invoked merely because a maritime contract exists, where the parties' dispute bears no relationship to that contract. Further, Petitioner seeks to limit its liability as to *all* individuals or entities with claims arising from the fire, despite the fact that it is only in privity with Cracker Boy. Although Cracker Boy has brought a counterclaim for contractual indemnification (DE 17 at 8), under the well-pleaded complaint rule "federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint," not when it is pleaded in a counterclaim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). Accordingly, I find that Petitioner has no grounds under which to assert admiralty contract jurisdiction.

### B. Admiralty Tort Jurisdiction

There are two tests for admiralty tort jurisdiction: the locality test and the nexus test. The locality test states that for a federal court to exercise admiralty jurisdiction over a tort claim, a party must show that the injury (a) occurred on navigable water or (b) if suffered on land, that the injury was caused by a vessel on navigable water. *See Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). For a long time, the locality test was the only test for admiralty tort jurisdiction. However, this changed with *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 254 (1972).

In *Executive Jet*, an airplane crashed into a flock of seagulls while over land, and as a result crash-landed in navigable waterways. *Id.* at 250. The Supreme Court was faced with the difficult issue of whether the injury had occurred on land, when the airplane hit the seagulls, or whether the injury occurred when the airplane crashed in the water. *Id.* at 264. The Court held that under either scenario, the exercise of admiralty jurisdiction was improper as there was not a sufficient nexus to

maritime commerce; the plane had merely happened to land in a waterway and otherwise would not have been involved in a maritime activity. *Id.* at 273-74. The nexus test comprises an inquiry as to whether the incident bears a "significant relationship to traditional maritime activity." *Id.* at 271.

The Parties dispute whether the locality test is a threshold test, which must be satisfied in every case seeking admiralty jurisdiction, or whether it combines with the nexus test to form a more holistic and broad test for admiralty jurisdiction. I find that the locality test is a threshold; for the exercise of admiralty jurisdiction a litigant must establish *both* the requirements of the locality and nexus test. The Court in *Executive Jet* merely skipped the locality test because the issue could be decided more easily based on the nexus test. Therefore, *Executive Jet* did not lessen the burden on litigants seeking to assert admiralty jurisdiction; it increased it.

This conclusion is echoed in the Supreme Court cases which followed *Executive Jet*. In *Foremost Ins. Co. v. Richardson*, the Court clarified that *Executive Jet* had dealt with the issues inherent in "broadly applying the traditional locality rule" and therefore had rejected a strict locality rule by adding the nexus test to the requirements for admiralty jurisdiction. 457 U.S. 668, 673 (1982). *Foremost* then reasoned that the *Executive Jet* nexus test could be applied outside of the aviation context. *Id.* at 674. In *Sisson v. Ruby*, the Court also acknowledged that after *Executive Jet*, "[n]ot every accident in navigable waters that might disrupt maritime commerce will support federal admiralty jurisdiction." *Sisson v. Ruby*, 497 U.S. 358, 362 (1990). Neither of these cases stated or even implied that *Executive Jet* provided for admiralty jurisdiction where the locality test *had not* been met. Accordingly, I find that if Petitioner fails to establish the requirements for the locality test, admiralty jurisdiction is improper.

5

At first blush, it would appear that the locality test is clearly not met because the incident giving rise to this case occurred exclusively on land. However, this inquiry is complicated somewhat by the precedent established by the Fifth Circuit in *American Eastern Development Corporation v. Everglades Marina Inc.,* 608 F.2d 123, 124 (5th Cir. 1979). There, the Court considered whether boats docked in dry dock storage were categorically incapable of meeting the locality test. 457 U.S. 668, 673 (1982). The Court determined that they were not. *Id.* at 675. In reaching that holding, the Court relied on the nature of the dry dock at issue. There, the boats "were fully operational and were in and out of the water almost weekly, launched and removed from the water by forklift." *Id.* at 125. The purpose of dry dock storage was to "obviate storage in salt water with attendant costs of maintenance." *Id.* at 124. Essentially, this manner of storage was an "alternative to tying their boats up at docks or moorings." *Id.* Using a forklift, the boat could be "readily accessible to the water and [could] be quickly and easily launched." *Id.* Accordingly, the Court found that the manner in which the boats were stored was "more analogous to those involving docking or wharfage than to those where boats are stored for the winter or laid up for long periods." *Id.* Based on this reasoning, the Fifth Circuit held that admiralty jurisdiction was appropriate premised upon the locality test.

The present case is distinguishable from *Everglades Marina*. Claimant Crabtree has alleged, and Petitioner has not disputed, that the Sea Alice was "physically hauled" out of navigable waters and was "situated on blocks" (DE 48 ¶ 6). At the time of the incident, the ship was "undergoing major retrofit and/or repair." (DE 48 ¶ 7). Although Petitioner claims that the Sea Alice would be placed "back onto navigable waters at a date and time shortly after the subject fire occurred," Petitioner does not specify this date or provide any evidence to support this statement. (DE 55 at 11). In any case, I do not find that the Sea Alice meets the locality test. The

Sea Alice was stored at Cracker Boy in order to undergo major repairs, not as an alternative to being stored in the water. Even if the repairs were close to being concluded at the time the fire occurred, the Sea Alice still was not "fully operational" and could not "be quickly and easily launched," consistent with the language of *Everglades Marina*. Therefore, I find that the locality test has not been met, and thus it is unnecessary to consider the nexus test.

### IV. CONCLUSION

Based upon the foregoing, and after careful consideration of Petitioner's Complaint (DE 1), the Parties' written submissions, the record, and applicable law, I find this case is not properly subject to an exercise of admiralty jurisdiction. Accordingly, it is hereby

**ORDERED and ADJUDGED** that:

1) Claimant Crabtree's Motion to Dismiss for Lack of Admiralty Jurisdiction (DE 48) is **GRANTED**.

2) This case is **DISMISSED**.

3) The Clerk of Court shall **CLOSE THIS CASE** and **DENY** all pending motions **AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 15th day of April, 2020.

```
                              _____
                              DONALD M. MIDDLEBROOKS
                              UNITED STATES DISTRICT JUDGE
```